■ POLO ELECTRIC CORP., Appellant, v NEW YORK LAW SCHOOL, Respondent, et al., Defendants. [979 NYS2d 566]—Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 23, 2012, which granted defendants' motion to dismiss the first, third, and fourth causes of action of the amended complaint, to dismiss the amended complaint in its entirety as against defendant Pavarini McGovern, LLC, and to declare that any remaining damages claims for additional work, delay, or acceleration were precluded by the parties' contract, unanimously affirmed, without costs.

The causes of action relating to additional work, delay and acceleration of scheduled work were properly dismissed, as the alleged cause of the delays was within the contemplation of the "no damages for delay" clauses in the parties' contract (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 313-314 [1986]; *Bovis Lend Lease [LMB], Inc. v Lower Manhattan Dev. Corp.*, 108 AD3d 135 [1st Dept 2013]). No exceptions to enforcement of those clauses are applicable or were agreed to by the parties.

The motion court also properly determined that plaintiff was not wrongfully terminated and that, under the contract, defendants could reduce plaintiff's contractual work. In addition, plaintiff is precluded from recovery on a theory of unjust enrichment by the existence of the contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

Defendant Pavarini McGovern, LLC, an agent of the disclosed principal, defendant New York Law School, was not personally bound (*see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]). Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.